# IN THE COURT OF APPEALS OF IOWA

No. 17-0946
Filed September 13, 2017

**IN THE INTEREST OF J.L.,**
**Minor Child,**

**A.M., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, District Associate Judge.


　　A mother appeals the juvenile court decision terminating her parental rights. **AFFIRMED.**



　　Karmen R. Anderson of The Law Office of Karmen Anderson, Des Moines, for appellant mother.

　　Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

　　ConGarry D. Williams of Juvenile Public Defender Office, Des Moines, guardian ad litem for minor child.


　　Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court decision terminating her parental rights. We find it would not be in the child's best interests to give the mother additional time to work toward reunification with the child. We affirm the juvenile court's decision terminating the mother's parental rights.

## I. Background Facts & Proceedings

A.M. is the mother of J.L., who was born in 2015. The mother has a long history of mental-health problems and substance abuse. Her parental rights to two older children were previously terminated. J.L. tested positive for marijuana at the time of birth. On January 5, 2016, the child was adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2), (n), and (o) (2015).

The child was removed from the mother's care on September 16, 2016, when the mother tested positive for methamphetamine. After the child's removal, the mother no longer participated in services. She tested positive for methamphetamine in December 2016 and marijuana in February 2017. The mother became homeless and remained unemployed.

The State filed a petition to terminate the mother's parental rights on April 7, 2017. After the petition was filed, the mother began outpatient treatment for substance abuse and began attending mental health therapy. She lived in a homeless shelter. Her paramour also has serious substance abuse issues.

The juvenile court terminated the mother's rights under section 232.116(1)(g) and (h) (2017).[1] The court found termination was in the child's best interests and none of the exceptions found in section 232.116(3) applied. The mother now appeals the termination of her parental rights.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Extension of Time

The mother does not dispute the statutory grounds for terminating her parental rights. She asks for an additional six months to work on reunification with the child. The mother claims it would be in the child's best interests to give the mother more time to address her substance-abuse and mental-health problems. She points out she recently began addressing her problems. She states she has a close bond with the child.

The juvenile court stated:

> [The mother] asks for an extension of time for reunification efforts, and points to her close bond with the child and recent commitment to substance abuse and mental health services.

---

[1] The father's parental rights were also terminated. He has not appealed.

Nevertheless, "our legislature has constructed a time frame to balance a parent's efforts against the child's long-term best interests." *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). In this case, when [the mother] so significantly delayed seriously addressing her substance abuse and mental health concerns both before and after the child's removal from her care, the balance has tipped toward providing [the child] with permanency regarding his relationship with his mother.

We concur in the juvenile court's statements. The CINA adjudication occurred on January 5, 2016, and the child was removed on September 16, 2016. The mother did not begin to address her substance abuse problems and mental health concerns until after the termination petition was filed on April 7, 2017. She had a lengthy period of time in which she could have taken steps to address her parenting deficiencies but did little until termination of her parental rights was looming. Based on her past history, we find it is unlikely the child could be returned to her care after an additional six months. We conclude it would not be in the child's best interests to further extend this case.

We affirm the juvenile court decision terminating the mother's parental rights.

**AFFIRMED.**